289 So.2d 909 (1974)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Elizabeth MOORE, a minor by Mrs. James Moore, mother and next friend.
No. 47380.
Supreme Court of Mississippi.
February 11, 1974.
Wise, Carter, Child, Steen & Caraway, William M. Dalehite, Jr., Jackson, for appellant.
Bob Ray, Jackson, for appellee.
Daniel, Coker, Horton, Bell & Dukes, and Donald V. Burch, Jackson, for Maryland Cas. Co.
INZER, Justice:
This is an appeal by State Farm Mutual Automobile Insurance Company, sometimes referred to as State Farm, from a judgment of the Circuit Court of the First Judicial District of Hinds County holding that appellant should pay a judgment of $2,975 awarded to Elizabeth Moore for personal injuries suffered during an automobile accident. We affirm.
Elizabeth Moore, fifteen years of age, was injured in an automobile accident on *910 October 3, 1969. She was riding in an automobile owned by James L. Arnold which was covered by a liability policy issued by State Farm. The car was being driven by Jack Millican and through his negligence it overturned and Elizabeth Moore was injured. She sued Jack Millican and recovered a judgment against him for $2,975. She then instituted garnishment proceedings against State Farm and Maryland Casualty Company. Jack Millican was an insured under a liability policy issued by Maryland Casualty Company covering an automobile owned by Jack Millican's father. Maryland Casualty answered the garnishment and admitted that Jack Millican was an insured under its policy, but contended that Jack Millican was covered by the State Farm policy issued to James Arnold, the owner of the car, and that the coverage by State Farm was the primary insurance. State Farm answered and denied that Jack Millican was an insured under the omnibus clause of its policy issued to the owner of the automobile which Jack Millican was driving. The case was tried before the Circuit Judge without the intervention of a jury, and the court held that Jack Millican was an insured under the omnibus clause of the State Farm policy, that this coverage was the primary insurance and that Elizabeth Moore recover from State Farm the amount of her judgment against Jack Millican.
The principal and only assignment of error that merits any discussion is that the judgment of the trial court is contrary to the law and evidence.
Since the trial court resolved the conflicts in the evidence in favor of the appellee, we will state the facts in the light most favorable to her. Mr. James L. Arnold purchased a 1963 Chevrolet Corvair for the use of his seventeen year old son, Jim Arnold. Mr. Arnold took title to the automobile in his name and had the license tag issued in his name. Mr. Arnold had the car covered under his liability policy with State Farm. He informed the insurance company that he had purchased the automobile for the use of his son and that his son would be the principal driver. Mr. Arnold turned the car over to his son Jim Arnold, and Jim had the only set of keys to the car. Mr. Arnold more than once instructed Jim not to let anyone else drive the car, but in spite of these instructions, Jim did let other students drive the car. Although Mr. Arnold did not know that these students drove the car, he did know that Jim let his fifteen year old brother drive the car to church on two occasions.
The evidence reflects that on the night of October 3, 1969, after a football game, a group of teenage students went to the vicinity of the Barnett Reservoir. Jim Arnold and his date rode in a car owned by Bill Simmons. Jack Millican and his date, Elizabeth Moore, also were in the Simmons' car. There was not room in the Simmons' car for all the boys and girls, so Jim Arnold gave Eddie Harrington permission to drive the car. When they were ready to return from the reservoir, Harrington told Jim Arnold that he was not going to drive his car back. Instead of driving the car himself, Jim Arnold told Jack Millican to drive the car back to town. It was on the return trip to town that the accident occurred in which Elizabeth Moore was injured.
It is the contention of State Farm that under the terms of its policy, the question of whether Jack Millican was an insured depends upon whether the use of the automobile was with the permission of the named insured, Mr. James Arnold. It is argued that inasmuch as Mr. Arnold expressly told his son not to let anyone else drive the car, Jack Millican could not be an insured under its policy. The pertinent provision of the policy reads as follows:
Insured  the unqualified word "insured" includes
(1) the named insured, and (2) if the named insured is a person or persons, also includes his or their spouse(s), if a resident of the same household, and (3) *911 if residents of the same household, the relatives of the first person named in the declarations, or of his spouse, and (4) any other person while using the owned motor vehicle, provided the operation and the actual use of such vehicle are with the permission of the named insured or such spouse and are within the scope of such permission... ."
In considering this provision it must be considered in the light of the Mississippi Motor Vehicle Safety Responsibility Act. In United States Fidelity & Guaranty Co. v. Stafford, 253 So.2d 388 (Miss. 1971), we considered a similar provision in a liability policy and stated:
Appellant vigorously and repeatedly urges that the policy constitutes the contractual obligations of the parties and this Court should not nor should any court expatiate these mutual contractual duties as set out in the policy. However, in 1956 the Legislature of Mississippi enacted the Mississippi Motor Vehicle Safety Responsibility Act, which has application here, and which must be considered. Mississippi Code 1942 Annotated section 8285-21 (1956) provides in part as follows:
(a) A "motor vehicle liability policy" as said term is used in this Act shall mean an owner's or an operator's policy of liability insurance * * *.
(b) Such owner's policy of liability insurance:
1. shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
2. shall pay on behalf of the insured named therein and any other person, as insured using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, all sums which the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows * * *. (Italics added.)
* * * * * *
(d) Such motor vehicle liability policy shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefor, the policy period and the limits of liability, and shall contain an agreement or be endorsed that insurance is provided thereunder in accordance with the coverage defined in this Act as respects bodily injury and death or property damage or both, and is subject to all the provisions of this Act.
As can be seen by comparing the statutory provision relating to the coverage, there is a difference in exactly who is covered by the policy. The policy designates the persons insured as "Any other persons using such automobile with the permission of the named insured provided his acts of operation or (if he is not operating) his other actual use thereof is within the scope of such permission. * * *" (Italics added.) It should be noted that the Mississippi statute requires only the following: "(S)hall pay on behalf of the insured named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured * * *." (Italics added.)
It is the law in this state as it is in most jurisdictions that if there is any difference between an insurance policy as written by the company and the requirements by the statute of the state, the requirements of the statute are incorporated into and become a part of the policy of the insurance company. (253 So.2d at 390, 391).
*912 Since the permission and use of the automobile may be with the implied consent of the insured, the determining question in this case is whether the trial court was justified in finding from the facts that the use of the car by Jack Millican was with the implied consent of the insured. In considering this question we need look no further than what was said in United States Fidelity & Guaranty Co. v. Stafford, supra, where we stated:
In National Farmers Union Property & Casualty Company v. State Farm Mutual Auto Insurance Company, 277 F. Supp. 542 (Mont. 1967), the Court, after dealing with facts somewhat similar to the facts in this case, quoted with approval from 7 Am.Jur. Automobile Insurance section 117 (1963) as follows:
The "general rule" that a permittee may not allow a third party to "use" the named insured's car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is "operating" the car for the "use of the first permittee" and that such "use" is within the coverage of the omnibus clause.
The court went on and stated:
It is recognized that as a general rule the use of an automobile by a third person is not protected where the owner has expressly forbidden it. Where, however, the first permittee has "broad and unfettered domination" over the insured automobile, under certain circumstances permission of the insured may be implied. In particular, this is true where the operation by the second permittee serves some purpose of the first permittee. (Emphasis added). (277 F. Supp. at 547.) (253 So.2d at 392).
There can be no question from the facts of this case that the first permittee Jim Arnold had broad, unfettered domination over the insured automobile. He had the only keys to the car and so far as the evidence reflects, no other member of the family used the car, except his brother on two occasions and that was with Jim Arnold's permission. Mr. James Arnold testified that he had never driven the car and so far as he knew his wife had never used the car. In his testimony he referred several times to the car as being Jim's car. It is likewise clear from the evidence that the operation of the car by the second permittee, Jack Millican, was serving a purpose of the first permittee. The car was in the vicinity of the Barnett Reservoir and, of course, someone had to drive it back to the city. Jim Arnold, for some reason, preferred not to drive his car back. He told Jack Millican to perform this service for him, and in so doing, Elizabeth Moore was injured through the negligence of Jack Millican. We are of the opinion that the trial court was correct in holding that Jack Millican had the implied consent of the insured and that Jack Millican was an insured under the omnibus clause of the State Farm Policy. Consequently, the coverage by State Farm was the primary insurance.
Any error in admitting in evidence the transcript of the testimony in the suit by Elizabeth Moore against Jack Millican was harmless error under Rule 11, Mississippi Supreme Court Rules (1967).
For the reasons stated we are of the opinion that this case should be and is affirmed.
Affirmed.
GILLESPIE, C.J., and ROBERTSON, WALKER and BROOM, JJ., concur.