445 So.2d 224 (1984)
Robert W. VAUGHN
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 54355.
Supreme Court of Mississippi.
February 1, 1984.
Michael L. Cordell, Miller, Dean & Cordell, Greenville, for appellant.
Philip B. Terney, Robertshaw & Merideth, Greenville, for appellee.
Before BROOM, P.J., and ROY NOBLE LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
The principal question involved in this appeal is the time for the six-year statute of limitations to begin running on a claim under the uninsured motorist provision of *225 an automobile policy.[*] The case originated in the Circuit Court of Washington County and the appeal is from a summary judgment rendered by that court dismissing the appellant's (plaintiff below) cause of action for recovery under his personal policy on his personal car. A brief review of the history of this unusual case is necessary. This review is based on the allegations of the complaint filed in the present cause and this Court's judicial notice of its records, opinions and mandates in the causes hereinafter discussed, which causes directly related to the present appeal.
The motor vehicle accident giving rise to the cause occurred on November 9, 1970. It was a one-car accident in which plaintiff's son Michael Eric was an occupant. An original dispute arose, which dispute is not material here, as to whether young Vaughn was a passenger or the driver.
The motor vehicle was owned by W.H. McGarrah. He and Mrs. McGarrah were divorced. Mr. McGarrah purchased the car, retaining title in himself and purchased a policy of automobile insurance covering this car with State Farm Mutual Automobile Insurance Company. McGarrah then turned the vehicle over to his former wife to be used by their 16-year-old daughter. On the night of the accident, the daughter had driven the car to a recreational activity where she met with young Vaughn and another young man named James Creely.
Appellant here Robert W. Vaughn, the father, brought suit against James Creely contending that Creely was the driver of the McGarrah vehicle and was guilty of negligence causing injuries and resulting medical expenses to young Vaughn and loss of services to appellant father. The jury believed appellant's version of the accident and returned a verdict on July 23, 1975, in favor of appellant in the sum of $9,048.17. Creely, by State Farm, under a reservation of rights agreement, appealed the judgment to this Court. The cause was affirmed by this Court on May 11, 1977, [Creely v. Vaughn, 345 So.2d 1040 (Miss. 1977)].
Meanwhile, as there was no supersedeas bond filed, Vaughn on October 20, 1975, filed a suggestion of writ of garnishment in the Circuit Court of Washington County against State Farm. The insurance company defended the garnishment proceeding contending that James Creely was not an insured under the omnibus clause of the automobile policy that covered the McGarrah car. The trial court agreed with State Farm and dismissed Vaughn's garnishment action. Vaughn appealed to this Court and the lower court's action in its dismissal was affirmed by this Court on May 31, 1978. [Vaughn v. State Farm Mutual Automobile Ins. Co., 359 So.2d 339 (Miss. 1978)] This Court, in a divided decision, held that Creely was a remote permittee to such an extent that he was not protected under the omnibus clause of the policy.
On July 21, 1982, the present cause was filed in the Circuit Court of Washington County. As already shown, it so happened that Mr. Vaughn, as well as McGarrah, had his principal automobile insurance with State Farm and there was an uninsured motorist provision in said policy with limits of $5,000 under each claim. Vaughn contended that State Farm, under his uninsured motorist provision, owed the policy limits under the original judgment as Creely had finally been determined to be uninsured. Attached to the complaint were copies of the pleadings in the former court proceedings.
State Farm answered and in addition to other answers and affirmative defenses propounded the affirmative defense that Vaughn's claim filed on July 21, 1982, was barred by the six-year statute of limitations that admittedly applied. It was contended by State Farm that the limitation period began to run on November 9, 1970, the date the motor vehicle accident occurred. It is readily seen that if this contention is correct, more than six years passed prior to the filing of the present suit on July 21, 1982. The trial judge agreed with State
*226 Farm and sustained its request for summary judgment.
The issue in the cause therefore is whether the statute of limitations began to run on November 9, 1970, or October 20, 1975, [the date appellee answered the garnishment proceeding and for the first time contended that Creely was uninsured under its policy] or on May 31, 1978, when this Court affirmed the lower court's judgment dismissing the garnishment proceeding.
The parties admit that the applicable statute of limitations here is the six-year period. The question is when did the six-year period start, or asked differently, when did the cause of action legally accrue. Appellee contends that it accrued at the time the collision occurred on November 9, 1970. Appellant contends it accrued when Creely legally became an uninsured motorist.
Historically, this Court and others when faced with the interpretation of a beginning point under statutes of limitation are confronted with a new or unusual set of facts that have to be interpreted along with the limitation period. We held in Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So.2d 344 (1943), that:
Citation from neither judicial decision nor lexicon is needed to support the view that a cause of action "accrues" when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.
See also: Boydstun v. Pearson, 239 Miss. 479, 123 So.2d 621 (1960); Rankin v. Mark, 238 Miss. 858, 120 So.2d 435 (1960); Aultman v. Kelly, 236 Miss. 1, 109 So.2d 344 (1959).
In Boydstun, supra, we held that a cause of action must be complete before it can be said to have "accrued." Appellee cites the cases of Harthcock v. State Farm Mutual Auto Ins. Co., 248 So.2d 456 (Miss. 1971); Farned v. Aetna Casualty & Surety Co., 263 So.2d 790 (Miss. 1972); and Hodges v. Canal Insurance Co., 223 So.2d 630 (Miss. 1969). These cases authorized a direct action suit against a carrier under the aggrieved person's uninsured motorist provisions of his policy and clarified that a prior suit against the uninsured motorist is not required. It is not necessary to disturb those opinions in the case sub judice.
The situation before us is readily seen and recognized. The decision that disposes of this question is that Creely was not finally adjudged to be an uninsured motorist until this Court affirmed the lower court's decision on May 31, 1978. Until that time, there was merely an appealable decision of the circuit court agreeing with State Farm that the policy of insurance admittedly in force on the McGarrah car did not cover Creely. Creely was not uninsured until this Court said so on May 21, 1978. The cause of action with which we presently are concerned, could not accrue as long as the uninsured motorist question had not been decided. As we stated in Forman, supra, and in Boydstun, supra, appellant's cause of action against appellee, after a final conclusion that Creely was not an "insured" under the McGarrah policy, did not accrue until that time occurred, as the cause of action was not complete and viable. Appellee had a legal right to do what it did; that is, litigate the cause through this Court two different times prior to the present appeal before finally contending that Creely was not its insured. To hold that appellee can get away with these legal rights and thereby bar appellant's legal rights would be against all justice. As we stated at the outset, in finally holding here regarding the beginning of the limitation period, we do not have to overrule or modify any prior cases. This is simply a case with unusual facts that are fitted into the law as already pronounced by this Court.
It might be well to stop and make what is probably a foolish reminder that State Farm had the coverage both on the Vaughn and McGarrah vehicles. The same law would apply, of course, had different companies been involved. Undisputedly, Vaughn, after a determination that Creely was uninsured, had a direct action suit against his motor vehicle carrier, State Farm.
*227 It is undisputed, as alleged in the complaint and as shown by the prior cases in this Court, that there was a policy of insurance covering the car operated by Creely when the collision occurred on November 9, 1970. According to the declaration and undisputed factual history as shown by this Court's records and the pleadings here, appellee defended under its McGarrah car policy the suit against Creely, contending that Creely was not the driver but that young Vaughn was acting in that capacity. For the first time, appellee at the time it answered the garnishment proceeding on October 20, 1975, contended that the omnibus clause of the policy admittedly covering the vehicle did not cover Creely personally as he was a second permittee. [Vaughn v. State Farm Mutual Ins. Co., 359 So.2d 339 (Miss. 1978)].
It is readily seen that had appellant been forced to file the present suit, prior to the contention in the garnishment proceeding, the status of the cases would have been upsetting to the Court procedure, to say the least. If such a suit had been filed one day after the collision, an untriable suit would have been pending before the Court for approximately five years.
We therefore hold that appellant's cause of action did not accrue until May 31, 1978, when this Court issued its opinion affirming the trial court's judgment that Creely was not insured under the McGarrah policy. Appellant had the six-year limitation period to file his uninsured motorist's claim subsequent to the date of this Court's final decision.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[*] Mississippi Code Annotated Section 83-11-101 (1972).