458 So.2d 694 (1984)
Ethel Mae THOMAS
v.
DEVINEY CONSTRUCTION COMPANY and The Insurance Company of North America.
No. 54403.
Supreme Court of Mississippi.
September 12, 1984.
Rehearing Denied November 14, 1984.
W.O. Luckett, Dan T. Bing, Luckett, Luckett, Luckett & Thompson, Clarksdale, for appellant.
David H. Nutt, Rhoden & Nutt, Jackson, for appellee.
Before BOWLING, HAWKINS and SULLIVAN, JJ.
BOWLING, Justice, for the Court:
This case comes to us from the Circuit Court of Coahoma County. Appellant Ethel Mae Thomas was plaintiff below. Upon the conclusion of her evidence, the trial court, on motion of defendants, directed a verdict for the defendants. The question before us is whether or not the trial court did this correctly. We hold that its action was error and reverse and remand the cause.
On September 6, 1979, appellant received a judgment in the amount of $10,000 against one Chester B. Thomas. The judgment grew out of a motor vehicle collision between a vehicle operated by appellant Thomas and a vehicle owned by appellee Deviney Construction Company and operated by Chester B. Thomas.
The present cause of action was filed by appellant Ethel Mae Thomas against Deviney Construction Company, contending that it owed the judgment against Chester *695 B. Thomas under the financial responsibility laws of the State of Mississippi, particularly, what is hereinafter discussed and known as the "omnibus clause."
In the first declaration filed, appellant alleged that appellee Deviney was "self-insured" within the meaning of the Mississippi statutes. Deviney answered the first declaration and affirmatively admitted that it was "self insured at the time of the accident."
Further, the defendant, in abiding by the trial court's order, filed a pre-trial statement on July 23, 1981, stipulating that Deviney "was self-insured at the time of the accident."
On January 20, 1982, Deviney filed an amended answer stating that at the time of the accident it did have a policy of insurance, and "defendant denies that it was totally self-insured at the time of the accident, but alleges to the contrary that it was insured under a policy of insurance which provided excess coverage above an amount in excess demanded by this action, and accordingly as a practical matter, is self-insured for the purposes of this action."
Thereafter, the plaintiff filed an amended declaration joining as a defendant, in addition to Deviney Construction Company, the Insurance Company of North America (hereinafter INA), alleging that Deviney's truck was covered by this company's policy at the time of the collision and that appellant was entitled to recover under the omnibus clause of the policy.
On February 25, 1982, Deviney Construction Company filed its amended answer admitting that it was an insured under a policy of automobile liability insurance issued by INA and that the policy covered the vehicle involved in the collision "under certain terms and conditions contained in said policy."
On February 25, 1982, INA filed its answer to the amended declaration admitting an automobile liability insurance policy insuring Deviney was in existence but denied appellant's allegations as to the policy's coverage.
The trial of the case started on Monday, July 19, 1982, at 8:30 a.m., with all parties present and announcing ready for trial. Included in the record were certain requests for admissions of fact filed by appellant [plaintiff below] on May 17, 1982. This instrument requested that Deviney admit or deny that the company had ever filed any application to be self insured or had ever been issued any certificate of self insurance under the provisions of Mississippi Code Annotated, Section 63-15-1, et seq. (1983 Supp.) [specifically § 63-15-53], providing for application of any owner in whose name more than twenty-five motor vehicles are licensed.
On June 16, 1982, Deviney filed its answers to the amended request and admitted that it had never filed an application to be a self insurer and that it had never been issued a certificate of self insurance under the applicable statutes.
The reason the above information is important is that it later developed that the insurance policy issued by INA provided for a deductible of $100,000. In other words, it provided that Deviney was responsible for the first $100,000 damage its vehicles did to users of Mississippi highways. It developed in the cause in oral argument that Deviney is a rather large construction company owned by a non-resident conglomerate. Its principal activities are subcontracting work for utilities.
Not the least question in the cause is what is the effect of Deviney ignoring the statute under which it did not become a self insurer, as required, up to the sum of $100,000. We are forced to refresh our recollection that in its first answer Deviney affirmatively stated that it was self insured. In its stipulation of facts filed pursuant to the court's usual order, it was affirmatively stated that "defendant, Deviney Construction Company, was self insured at the time of the accident complained of, ... ." In its amended answer Deviney stated "accordingly as a practical matter, it is self insured for the purposes of this action." In its answer to the amended declaration Deviney admitted the *696 insurance policy existed but did not divulge its terms. It however denied the allegation of the declaration that the insurance policy provided for excess coverage above a certain amount and denied that "Deviney may be self insured to the extent of said certain amount."

AT TRIAL
The trial thereof started on the morning of July 19, 1982, with the burden on the part of appellant to prove that its judgment against Deviney's driver Thomas was collectible under either INA's omnibus clauses under its insurance policy or from Deviney as a matter of law under the type of insurance it was required to have which also would have included an omnibus clause.
Appellant introduced only one witness. He happened to be Chester B. Thomas, Deviney's driver at the time appellant was damaged. The purpose of this interrogation, of course, was to prove that at the time of the collision Thomas was driving the truck "with the permission" of Deviney.
We carefully have studied all of the testimony given by Mr. Thomas. It is charitable to say that he agreed with anyone who was asking him questions. It developed that Deviney's nearest sub-office was in Greenwood, Mississippi, under the direction of a man named Robert Gilbert. The work at Clarksdale was being performed with the use of one truck with which we are involved. This truck and the crew working were under the supervision and control of one Roosevelt Kilpatrick, the foreman. On direct examination by appellant's attorney, Thomas testified that he drove the truck in question "pretty often." He stated that the truck had normally been parked at night behind a "station" but that because of vandalism, Kilpatrick had been instructed to keep it at his home overnight on Paul Edwards Street in Clarksdale. According to Thomas, Kilpatrick kept the keys to the truck and could use it anytime he wanted.
According to Thomas, on December 29, 1978, the day the collision occurred, they had come from work [installing poles] and Kilpatrick had driven the truck to a parking area near a cafe that he ran as a sideline. The truck was locked and Kilpatrick assumed whatever duties he performed in the cafe.
Thomas needed to look at a house he wanted to move into, so he asked Kilpatrick to let him make the trip in the truck. Kilpatrick agreed and gave Thomas the truck keys. The collision with appellant occurred during the course of that trip.
Thomas gave the following testimony on direct examination:
Q. At the time on December 29, 1978, when you got the truck, were you aware of any rules prohibiting the use of this truck for personal use without permission?
A. Yes.
Q. If you got permission?
A. Yes, he definitely said "don't use the truck unless you have permission to use it."
Q. All right. Were you ever given any kind of ... anything in writing that prohibited you from using the truck for personal errands?
A. No.
Thomas stated that he had permission from Kilpatrick to drive the truck on the occasion in question.
On cross examination Thomas stated that he knew that Mr. Robert Gilbert [the superintendent in Greenwood] had made it clear that the truck was not to be used for personal use. He knew that it was not to be used for such. He agreed that he received word from Mr. Gilbert at least once a month that the truck was not to be used for personal use.
Thomas then was subjected to redirect examination. The paramount question and answer was:
Q. And Roosevelt Kilpatrick had control of the truck. He had the keys to the truck, did he not? (emphasis ours)
A. Yes, he did.

*697 Q. And he kept it in his possession all the time?
A. Yes, that's right.
After the testimony of Thomas, appellant introduced the INA policy and rested her case. The attorneys for both appellees [defendants below] dictated motions for a directed verdict at that point. The court granted both motions. The question therefore is whether or not at that point appellant had introduced sufficient evidence to "get by" a directed verdict.
This Court has held in too many cases to list that in determining whether or not a directed verdict is given, the trial judge is forced to accept as true all evidence favorable to the plaintiff, together with all reasonable inferences to be gained therefrom. See Paymaster Oil Co. v. Mitchell, 319 So.2d 652 (Miss. 1975); and Buford v. Jitney Jungle Stores of America, Inc., 388 So.2d 146 (Miss. 1980), Vise v. Vise, 363 So.2d 548 (Miss. 1978), and National Mortgage Company v. Williams, 357 So.2d 934 (Miss. 1978).
We have to bear in mind that what we are dealing with here is not the liability involving negligence of Thomas, the truck driver. We are to determine whether or not appellant made a case for the jury to determine if appellant's judgment came within the terms of the omnibus clause of either the INA policy or the situation Deviney found itself in under that policy or in violation of law, by either having only a policy with $100,000 deductible or not being self-insured. We have already seen that Deviney ignored the laws of the State of Mississippi by not becoming a self-insured for the sum of $100,000 before its insurance coverage was supposed to be reached. There also is the question as to whether or not INA's policy protected the appellant under its omnibus clause, regardless of its deductible provision between it and Deviney. We are constrained to say at first blush, Deviney was "playing" with the financial responsibility laws of this state and consequently subjecting highway users to exposure the statutes were designed to prevent.
We said in Travelers Indemnity Co. v. Watkins, 209 So.2d 630 (Miss. 1968), that "there is an abundance of authority that the public policy is to protect those injured by careless drivers." We further said:
The insurance business is affected with a public interest and is regarded generally as quasi-public in character. The authorities abundantly support this statement. There are numerous statutes enacted by the legislature regulating insurance and in many instances specifying precise clauses that are written into insurance policies by law. Policies insuring automobile owners against public liability is the subject of the Mississippi Motor Vehicle Safety Responsibility Act, Mississippi Code 1942 Annotated section 8285-01 et seq. (1956) [MCA § 63-15-3 (1972), and the Uninsured Motor Vehicle Act, Mississippi Code 1942 Annotated section 8285-51 et seq. (Supp. 1966)] [MCA § 83-11-101 (1972)]. The latter statute became effective after the accident in this case. The Safety Responsibility Act specifically provides in section 8285-21 [MCA § 63-15-43 (1972)] that an owner's policy of liability insurance within the meaning of that act "shall pay on behalf of the insured named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured. * * *" The Motor Vehicle Safety Responsibility Act in its various sections is a clear manifestation of the public policy of this state that an automobile liability insurance policy is intended to protect those injured by careless drivers as well as the named insured and permittees.
In Travelers we further said:
The purpose of an omnibus clause is to protect the named insured, the persons within the omnibus clause, and the public generally and its members injured by the negligent operation of the insured automobile on a public highway.
The pronouncements in Travelers, were reiterated in Vaughn v. State Farm Mutual Automobile Ins. Co., 359 So.2d 339 *698 (Miss. 1978). The majority held there however that at the time of the collision the vehicle was being operated by a "third permittee" and under the facts of that particular case, the omnibus coverage did not apply. There the parents of a fifteen year old girl were divorced. The ex-husband and father bought an automobile and turned it over to his ex-wife. She permitted the young daughter to make a trip in the vehicle. Later on the young daughter permitted a friend to drive the vehicle. During the course of that drive, the collision occurred.
The paramount question is do we have a situation here such as in Vaughn? It is obvious we do not. It is undisputed that Kilpatrick was the foreman of the corporate defendant. According to Thomas, Kilpatrick had control of that truck. Thomas' testimony, although weakened by cross examination, was that the alter ego of the corporation in regard to this one truck's activities in Clarksdale was Kilpatrick, the company foreman who kept the keys to the truck and kept it in his sole possession at all times, day and night. Undisputedly, he and he alone gave Thomas "permission" to use the truck, gave him the keys to be used to unlock the truck and start the ignition. Undisputedly, Thomas had "permission" from foreman Kilpatrick to use the truck.
We therefore find that at the time the directed verdicts were requested, there was a jury question presented as to whether or not at the time of the collision, Thomas was a first permittee in the use of the truck and was covered under either the INA omnibus clause of its policy or was covered under the requirements for such by appellant Deviney Construction Company.
As hereinbefore stated, Deviney after affirmatively stating it was a self-insurer, admitted that it had failed even to apply for a certificate of self insurance. The legal ball as to whether INA or Deviney should pay appellant's judgment is now in INA and Deviney's court. As usual, INA's policy does not coincide with the Mississippi statutory requirements describing omnibus clauses. We say "as usual" for the reason that as this writer stated in Vaughn, an examination of a number of policies reveals that no company's policy examined was worded as required by the Mississippi statute. Be that as it may, the insurance policy covering the truck in question has written into it the Mississippi statute requiring that it cover any person driving the vehicle with the express or implied permission of the insured. If, due to any contractual relationship between INA and Deviney, the former refuses to pay, that is a matter between INA and Deviney.
We further hold that regardless of the relationship between INA and Deviney, the latter has the legal obligation under this state's Safety Responsibility Act § 63-15-1, et seq. to abide by those laws which makes it responsible for appellant's judgment for damages caused by the driver permitted by the foreman Kilpatrick to be the driver.
We hold that the lower court was in error in finding that appellant did not present a question for the jury at the point when appellees' motions for directed verdicts were granted. It is therefore necessary to reverse and remand the cause for the proper issues to be presented to a jury, if that should develop to be the situation on retrial.
REVERSED AND REMANDED.
WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., and ROY NOBLE LEE, P.J., not participating.