Lynette **PERRY** and Karen Perry, Plaintiffs,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

Civ. A. No. J84–0192(L).

United States District Court, S.D. Mississippi, Jackson Division.

March 15, 1985.

W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for plaintiffs.

William M. Dalehite, Steen, Reynolds, Dalehite & Currie Firm, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the plaintiffs for partial judgment on the pleadings, and the court has considered the memoranda of authority with attachments submitted by both parties. On March 16, 1983, Darwin D. Perry, his wife, Sally Ann Perry, and his stepson, Roger Legg, were driving a rented vehicle in Yalobusha County, Mississippi and were involved in a collision with an automobile driven by Terry Van Goss, an alleged uninsured motorist. Darwin D. and Sally Ann Perry died and Roger Legg suffered injuries as a result of the accident. Lynette Perry and Karen Perry,[1] plaintiffs and daughters of Darwin D. Perry, contend in their motion for summary judgment that they are entitled to stack uninsured motorist coverage of four policies issued by State Farm Mutual Automobile Insurance Company (State Farm)[2] in which Darwin D. Perry was the named insured. The defendant argues that California law is applicable and does not permit the stacking of uninsured motorist coverage.

The plaintiffs argue that Mississippi law is applicable under the terms of the policy. The policy states:

If an *insured* under the liability coverage is in another state or Canada and, as a non-resident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:

(a) the policy will be interpreted to give the coverage required by law; ...

A motor vehicle liability policy is defined in the Mississippi Motor Vehicle Safety Re-

---

1. Lynette Perry is an adult citizen of Texas and Karen Perry is an adult citizen of California.

2. State Farm has its principal place of business in Illinois.

sponsibility Law (Safety Responsibility Law) as:

> An owner's or an operator's policy of liability insurance, certified as provided in section 63–15–39 or section 63–15–41, as proof of financial responsibility, and issued, except as otherwise provided in section 63–15–41, by an insurance company duly authorized to write motor vehicle liability insurance in this state, to or for the benefit of the person named therein as the insured.

Miss.Code Ann. § 63–15–43(1) (Supp.1984). Section 63–15–11(1) and (2) provides the circumstances under which a person is required to furnish proof of financial responsibility. Section 63–15–11(4) makes the requirements of subsections 1 and 2 inapplicable to persons who, at the time of the accident, have a liability policy in effect. Accordingly, a policy issued prior to an accident is not a "motor vehicle liability policy" as defined by section 63–15–43(1), which is limited to those policies issued following an accident and certified as proof of financial responsibility.

■ In *Universal Underwriters Insurance Company v. American Motorist Insurance Company*, 541 F.Supp. 755 (N.D. Miss.1982), the court stated that all insurance policies, regardless of the date of issuance, are subject to the Safety Responsibility Law. The court drew inferences from Mississippi Supreme Court cases which, while not unreasonable, are, in the opinion of this court, in conflict with the language of Miss.Code Ann. § 63–15–43. The *Universal Underwriters* court considered statements in *Vaughn v. State Farm Mutual Automobile Insurance Company*, 359 So.2d 339 (Miss.1978); *United States Fidelity and Guaranty Company v. Stafford*, 253 So.2d 388 (Miss. 1971); and *State Farm Automobile Insurance Company v. Moore*, 289 So.2d 909 (Miss.1976), wherein the Mississippi Su-

preme Court found the Safety Responsibility Law to be applicable. The *Universal Underwriters* court concluded that the policies in question were not certified even though the Mississippi Supreme Court did not indicate whether they were certified in any of the cases cited. This court is hesitant to draw inferences from a court's silence that appear to be in conflict with the plain language of a statute. Accordingly, this court is of the opinion that the plaintiffs' decedent was not subject to the Safety Responsibility Law and, accordingly, Mississippi law is not applicable under the terms of the policy.

The Mississippi Supreme Court has adopted the "center of gravity test" for resolving conflict of laws questions. *See Bluebird Body Company v. Ryder Truck Rental, Inc.*, 583 F.2d 717, 723 (5th Cir. 1978). In *Mitchell v. Craft*, 211 So.2d 509 (Miss.1968), two Mississippi residents were killed when their automobiles collided in Louisiana. The court noted that the law of the forum is presumed to apply absent an express showing that "non-forum contacts are of greater significance." *Id.* at 512. Application of the law of the place of injury, the traditional rule, may produce predictable results, but often bears little relationship to a particular case. *Id.* at 513. Accordingly, the court cited with approval general principles set out in sections 145 and 6[3] of the Restatement Second Conflict of Laws (Proposed Official Draft, adopted May 24, 1968) which provide:

> § 145: THE GENERAL PRINCIPLE
>
> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to

---

**3.** The court also applied sections 175 and 164 of the Restatement which deal with specific issues in *Mitchell*. Section 175 applies to the right of action for death, and section 164, to contributory fault. The applicable law of contributory

fault was of primary significance because Mississippi had a comparative negligence statute, whereas under Louisiana law, contributory negligence barred recovery. *Mitchell*, 211 So.2d at 510.

determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

§ 6: CHOICE OF LAW PRINCIPLES.

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.[4]

In *Mitchell,* "Louisiana's sole relationship with the occurrence is the purely adventitious circumstance that the collision happened there." 211 So.2d at 513. The relationship with Mississippi, however, was substantial, since "both decedents were domiciled in Mississippi, their estates are being administered here, and whatever expectations they might have had were centered in Mississippi." *Id.* at 510. Accordingly, Mississippi law was applicable.

---

**4.** In *Broadman v. United Services Automobile Association,* 742 F.2d 847 (5th Cir.1984), the plaintiff sought a declaratory judgment that uninsured motorist coverage existed and could be stacked following an automobile accident in Mississippi. The district court determined that the "center of gravity" was Mississippi and not Nebraska. The Fifth Circuit Court of Appeals certified to the Mississippi Supreme Court questions regarding the applicability of §§ 188 and 193 of the Restatement (Second) of Conflict of Laws.

Section 188 provides: Law Governing the absence of Effective Choice by the Parties

(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties (see § 187), the contracts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189–199 and 203.

Section 193 provides: Contracts of Fire, Surety or Casualty Insurance

The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

It is the opinion of this court that, if presented with the issue, the Mississippi Supreme Court would, as it has in the past, look "to Restatement (Second) of Conflict of Laws for guidance." *Spragins v. Louise Plantation, Inc.,* 391 So.2d 97 (Miss.1980). It is clear that, under the principles of §§ 188 and 193 of the Restatement, California law is applicable in the case *sub judice.* It is also apparent that California is the "center of gravity" pursuant to the analysis of the Mississippi Supreme Court in earlier cases.

In *Vick v. Cochran,* 316 So.2d 242 (Miss. 1975), an Alabama resident brought suit against another Alabama resident for injuries resulting from an automobile accident which occurred in Mississippi. The court, after considering the factors set out in *Mitchell,* held that the case's "center of gravity" was certainly Alabama. 316 So.2d at 246. The court noted that, "the interstate trip on which they were engaged began and was to end in the State of Alabama." *Id.* Additionally, the relationships of the parties "were established under agreements … arrived at in the State of Alabama." *Id.* Mississippi's sole connection with the case, the location of the accident, was " 'purely adventitious.' " *Id.,* quoting *Mitchell,* 211 So.2d at 513.

▇▇▇ Analysis of the instant case must begin with the presumption stated in *Mitchell* that the law of the forum is applicable unless "non-forum contacts are of greater significance." *Mitchell,* 211 So.2d at 512. In this case, it is clear that the occurrence of the accident in Mississippi is "purely adventitious" and, because California's contacts are more significant than those of Mississippi, California law should be applied. The plaintiffs' decedent was a resident of California and his relationship with the defendant arose from an agreement entered into in California, where the stacking of policies was not a reasonable expectation for either party. As in *Vick,* the plaintiffs' decedent's excursion to Mississippi began and was to end in the non-forum state of California.

The plaintiff argues that application of California law will contravene the public policy of Mississippi. In *Mitchell,* the decedents were Mississippi residents and any recovery would be for the benefit of their estates in Mississippi. The court stated: "This court is especially concerned with the protection of its injured domiciliaries and their families and the distribution of its domiciliaries' estates…. The comparative negligence statute of this State has been effectively administered for many years and we have an interest in applying it to Mississippi residents." 211 So.2d at 514.

This *Erie*-bound court likewise has an interest in applying this state's uninsured motorist laws regarding stacking to Mississippi residents. The opportunity to do so, however, is not present in the instant case since the plaintiffs are not residents and their decedent was not a resident of Mississippi. Accordingly, public policy does not require the application of Mississippi law and this court concludes that California law governs.

The defendant argues that stacking of uninsured motorist coverage is not available under California law. The plaintiffs cite *California Casualty Indemnity Exchange v. Deardorff,* 203 Cal.Rptr. 725, 157 Cal.App.3d 548 (4 Dist.1984), a California case wherein stacking was allowed. In *Deardorff,* California Casualty Indemnity Exchange issued a liability policy with uninsured motorist coverage on four automobiles owned by the Deardorffs. The Deardorffs were involved in an accident in Minnesota and sought to stack uninsured motorist coverage. The court acknowledged that stacking is prohibited under California law but found that the defendant had incurred an obligation to comply with Minnesota law, which allows stacking, by executing a Minnesota No-Fault Certification form. *Id.* at 726–27, 157 Cal.App.3d 548. Additionally, the policy's out of state clause provided that the "defendants would be covered to the extent required by the law of [another] state." *Id.* at 727, 157 Cal.App.3d 548. The Deardorffs became subject to the Minnesota No-Fault Automobile Insurance Act and, pursuant to the terms of the policy, were entitled to stack coverage under Minnesota law. Darwin D. Perry, however, was not subject to the Mississippi Motor Vehicle Responsibility Law and stacking, consequently, is not available.

For the reasons expressed hereinabove, it is hereby ordered that the plaintiffs' motion for partial judgment on the pleadings is denied and that the defendant's motion for a ruling that California law be applied in this case is granted.