United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-60286

ARTIS BOLDEN AND MARILYN BOLDEN,

Plaintiffs-Appellants,

VERSUS

FRANK BROOKS; ET AL,

Defendants,

NATIONWIDE MUTUAL INSURANCE CO.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi

(00-CV-985)

Before DAVIS, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Artis and Marilyn Bolden (the "Boldens") appeal from the district court's order denying a motion to remand their causes of action to state court and subsequent dismissal of their claims on summary judgment. Finding no error in the district court's order and judgment, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## Factual and Procedural Background

Artis Bolden ("Bolden"), a Mississippi resident, was injured in an automobile accident on September 26, 1997, allegedly caused by an uninsured driver, Frank Brooks ("Brooks"), also a Mississippi resident. Defendant-Appellee Nationwide Mutual Insurance Co. ("Nationwide"), a resident of Ohio, then insured the Boldens. The Boldens' policy included uninsured motorist coverage. The Boldens alerted Nationwide to the accident, faxing a copy of the accident report which indicated that Brooks was uninsured. On October 1, 1997, a Nationwide adjuster met with Bolden and explained the uninsured motorist bodily injury claim coverage, which was limited to $300,000. The adjuster confirmed that Brooks was uninsured.

After the accident, Bolden received medical treatment and remained in contact with Nationwide's adjuster regarding his claim. On August 14, 1998, the adjuster offered $21,000 to settle the claim, but Bolden refused, demanding the policy limit of $300,000. Nationwide twice raised its offer (first to $40,000, and later to $100,000), but the Boldens persisted in their refusal of settlement.

On December 1, 1999, the Boldens sued Brooks for negligence and loss of consortium in Mississippi court. Brooks failed to answer, and the state court entered a default judgment against him, awarding the Boldens $500,000 in compensatory damages and $500,000

in punitive damages. On August 21, 2000, the Boldens notified Nationwide of the judgment against Brooks and filed a claim for recovery of that judgment to the extent of the policy limits. In their notification, the Boldens stated that if Nationwide failed to respond within fifteen working days, the Boldens would assume the claim was denied and would file an amended complaint against Nationwide in the earlier action against Brooks. Nationwide responded that it was not bound by the default judgment and renewed the prior settlement offer of $100,000.

On December 1, 2000, the Boldens filed an amended complaint in Mississippi court, repeating the negligence claim against Brooks verbatim and adding as defendants Nationwide and several Nationwide agents, all of whom were Mississippi residents. Defendants removed the case to federal district court on grounds of diversity jurisdiction, arguing the Nationwide agents and Brooks were fraudulently joined. The Boldens moved to remand the case to state court. Finding the in-state defendants fraudulently joined, the district court denied the motion. After discovery, Nationwide moved for summary judgment, and the district court granted judgment for Nationwide. The court found that the remaining claim for uninsured motorist benefits was barred by the statute of limitations and that the remaining tort-based claims were not cognizable under Mississippi law. The Boldens timely appealed, challenging only: (1) the denial of remand and (2) the judgment entered on the claim for uninsured motorist benefits on the grounds

that the claim was barred by the applicable statute of limitations and that the amended complaint did not relate back to the original complaint filed one year earlier.

## Discussion

We review *de novo* an order denying a motion to remand on the basis that the non-diverse defendants are fraudulently joined. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). The removing party may show that a non-diverse defendant is fraudulently joined by demonstrating "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against him. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

In this case, the district court considered separately whether Brooks, the uninsured driver, and the Nationwide agents were fraudulently joined. The court determined no reasonable basis existed to predict the Boldens might recover against Brooks because they had previously stated the same claim against him and recovered an award of damages, and a valid, final judgment was entered on that claim. Therefore, the court held the Boldens' claims against Brooks were barred by res judicata. With respect to the Nationwide agents, the district court determined that the Boldens could state no cognizable claim because the amended complaint only mentioned the individual defendants in the introductory paragraphs and made no allegations regarding the defendants or any of their conduct

4

that related to the claims.  Accordingly, Brooks and the Nationwide agents were dismissed, their residencies disregarded in the court's subject matter jurisdiction analysis, and the motion for remand denied.

After a thorough review of the record and the arguments of both parties, we agree with the district court's determination that the Boldens cannot state cognizable claims against Brooks and the Nationwide agents.  The judgment against Brooks was a valid, final judgment under Mississippi law, and is thus res judicata against the amended complaint that is not altered as to Brooks.  *See* MISS. R. CIV. PROC. 55(b) (2005).  A claim against agents, such as Nationwide's here, may be stated only where the complaint alleges "individual wrongdoing."  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000) (quoting *Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993)).  Here, the complaint contains no such allegations of individual wrongdoing and, indeed, excludes the individual agents from any mention whatsoever other than in the introduction, stating their residencies.  Thus, the Boldens cannot establish a cause of action against the Nationwide agents.  *See Smallwood*, 385 F.3d at 573-74.

Therefore, we affirm the court's determination that Brooks and the Nationwide agents were fraudulently joined and the court's denial of the Boldens' motion to remand.

This Court reviews the district court's grant of summary

5

judgment to Nationwide on the ground that the claims were barred by the applicable statute of limitations *de novo*, using the same standard as the district court.  *See Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 890 (5th Cir. 2003).  Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  When making its determination, the court must draw all justifiable inferences in favor of the nonmovant.  *See Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).

The district court determined that, although the Boldens stated a claim for uninsured motorist benefits, they failed to file their claim within the three-year statute of limitations and their complaint did not relate back to the prior filing against Brooks alone under Mississippi Rule of Civil Procedure 15(c).  The court found that the Boldens failed to state a claim of breach of the duty of good faith and fair dealing under Mississippi law, and that the claims for bad faith and gross negligence failed as a result of the untimely filing of the claim for uninsured motorist benefits.

In Mississippi, a cause of action against an insurer for

6

uninsured motorist benefits is an action on contract. *See Employers Mut. Cas. Co. v. Tompkins*, 490 So. 2d 897, 906 (Miss. 1986). Mississippi applies a three-year statute of limitations period to actions for breach of written contract. MISS. CODE ANN. § 15-1-49; *see also Jackson v. State Farm Mut. Auto. Ins. Co.*, 880 So. 2d 336, 343 (Miss. 2004). The statute of limitations accrues when the plaintiff knew or reasonably should have known that the damages exceeded the insurance limits available from the alleged tortfeasor. *See Jackson*, 880 So. 2d at 341 (synthesizing *Lawler v. Gov't Employees Ins. Co.*, 569 So. 2d 1151, 1153 (Miss. 1990); *Vaughn v. State Farm Mut. Auto. Ins. Co.*, 445 So. 2d 224, 226 (Miss. 1984)). The Boldens received notice that Brooks was uninsured on October 1, 1997, when they received the accident report and the Nationwide agent explained to them that Brooks lacked insurance. Moreover, in his sworn deposition, Bolden averred knowledge that Brooks was uninsured as of October 1, 1997. Thus, the cause of action accrued on that same date. The Boldens point to evidence that Nationwide was unsure, as of October 1, 1997, whether Brooks was uninsured. They argue they were only notified of Brooks's lack of insurance when Nationwide made a settlement offer to Bolden on August 14, 1998. This argument lacks merit. Mississippi's accrual law does not look to the offer of settlement as notice of inadequate insurance; instead, it asks when the Boldens knew or reasonably should have know that Brooks was

7

uninsured. *See Jackson*, 880 So. 2d at 341. In the face of Bolden's sworn testimony that he knew, on October 1, 1997, Brooks was uninsured, the Boldens cannot create a factual dispute as to whether they knew or should have known Brooks's insurance status merely by pointing to Nationwide's conduct. The district court properly determined that the amended complaint, filed on December 1, 2000, was barred by the applicable statute of limitations.

In addition, the Boldens' argument that the amended complaint should relate back to the original complaint filed December 1, 1999, must fail. The Boldens failed to make the requisite showing under Mississippi Rule of Civil Procedure 15(c) to permit the relation back of parties, like Nationwide here, subsequently added by amendment. *See* MISS. R. CIV. PROC. 15(c). Specifically, no showing was made by the Boldens that, under Rule 15(c)(2), Nationwide "knew or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought" against it. *See id.* The district court correctly entered judgment for Nationwide on the claim for uninsured motorist benefits. Because we so hold, we need not reach Nationwide's alternative arguments in support of the district court's entry of judgment, raised in response to the Boldens' appeal.

## Conclusion

After oral argument, having independently reviewed the briefs and relevant portions of the record, we AFFIRM the district court's

8

denial of the Boldens' motion to remand and the entry of judgment for Nationwide.

**AFFIRMED.**