LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On December 6, 2000, Ronnie Powell (Ronnie) and Bertha Madison (Madison) were driving in Gulfport, Mississippi, when their vehicles collided. The car driven by Ronnie was owned and insured by his mother, Mary Powell (Mary). Ronnie informed Madison that he had no driver’s license and was uninsured. The parties led the police to believe that Mary was the driver of the vehicle driven by Ronnie. Thus, the accident report erroneously listed Mary as the driver.
 

 ¶ 2. On June 17, 2003, Madison filed a complaint in the County Court of Harrison County against Mary for negligence. The complaint stated that Mary was the driver of the vehicle. Ronnie’s name was not mentioned in the complaint. Mary filed an answer denying that she was the driver. Discovery proceeded, and the depositions of Madison and Mary were taken. Mary testified that she came to the scene of the accident before the police arrived. When the police questioned her, she told them she was the driver of the vehicle. Madison testified that she overheard Mary tell the police this, but she did not object despite knowing Ronnie was the driver. The insurance policy held by Mary specifically stated that Ronnie was an excluded driver. On July 8, 2004, Madison filed an amended complaint naming Ronnie as a defendant. The amended complaint alleged that Mary negligently entrusted the vehicle to Ronnie. It also alleged that Ronnie was the tortfeasor in fact. On November 30, 2004, a default judgment was entered against Ronnie.
 

 ¶ 3. Madison continued to pursue her case against Mary for negligent entrustment. On July 29, 2008, the parties agreed to a settlement whereby Mary’s insurer would pay the policy limit of $10,000 based on Mary’s negligent entrustment of her vehicle to Ronnie.
 

 ¶ 4. On September 26, 2008, Madison filed a claim against Geico General Insurance Company in the Harrison County Circuit Court under the provisions of her uninsured/underinsured-motorist coverage. Madison had been told that she would need surgery costing approximately $30,000 to $35,000. Geico moved for summary judgment, arguing that the three-year statute of limitations had passed. Miss.Code Ann. § 15-1 — 19 (Rev.2003). On May 11, 2009, the circuit court granted the motion for summary judgment, finding that the latest date the action could have accrued was November 30, 2004, the date the default judgment was entered against Ronnie. This action was filed on September 26, 2008, nearly four years after that date.
 

 ¶ 5. Madison subsequently filed a motion for reconsideration of the order of summary judgment. Madison asserted that the circuit court had erroneously relied on the default judgment, which was later set aside by agreement of the parties on March 9, 2005. The motion was denied.
 

 ¶ 6. Madison now appeals, asserting that the circuit court erred in granting Geico’s
 
 *1168
 
 motion for summary judgment. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 7. In reviewing a lower court’s grant of summary judgment, this Court employs a de novo standard of review.
 
 Anglado v. Leaf River Forest Prods.,
 
 716 So.2d 543, 547 (¶ 18) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the lower court in the light most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
 

 DISCUSSION
 

 ¶ 8. A cause of action against an insurer for uninsured-motorist benefits is subject to a three-year statute of limitations. Miss.Code Ann. § 15-1-49.
 
 See Mitchell v. Progressive Ins. Co.,
 
 965 So.2d 679, 683 (¶ 13) (Miss.2007). The issue in this case is when the statute of limitations began to run.
 

 ¶ 9. In
 
 Jackson v. State Farm Mutual Automobile Insurance Co.,
 
 880 So.2d 336, 343 (¶ 21) (Miss.2004), the Mississippi Supreme Court held that the statute of limitations for an uninsured-motorist claim begins to run when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfeasor.
 

 ¶ 10. The circuit court found that the statute of limitations began to run, at the latest, on November 30, 2004, the date the default judgment was entered against Ronnie. The circuit court reasoned that, at this point, Madison was aware of her damages and the default judgment was proof that Ronnie was uninsured. Madison asserts that this is erroneous. Madison argues that the statute of limitations began to run on July 29, 2008, when the settlement was reached with Mary’s insurance company. She argues that, until the settlement was reached, she had a reasonable uncertainty as to whether or not there was adequate insurance. She filed her complaint approximately two months after the settlement was reached. Thus, she argues that she was well within the limitations period.
 

 ¶ 11. At the time the default judgment was entered, Madison was pursuing a claim against Mary’s insurance company. However, Madison’s claim was not made through any insurance policy that covered Ronnie. Madison’s suit was based strictly on Mary’s negligent entrustment of her vehicle to Ronnie, who had no driver’s license and was specifically excluded by the insurance policy. Even assuming that Madison could somehow recover from Ronnie through Mary’s insurance, the policy limit was $10,000. Thus, the maximum benefit from the policy still left Madison at least $20,000 short of her medical bills. Madison’s case against Ronnie concluded once the default judgment was entered against him naming him as a tortfeasor in fact. At this point, Madison was free to pursue Geico to recover under her own uninsured-motorist policy. The default judgment was entered on November 30, 2004. The suit against Geico was filed nearly four years later on September 26,
 
 *1169
 
 2008, outside the three-year statute of limitations.
 

 ¶ 12. Even if we were to determine that the statute of limitations did not begin to run until after the default judgment was set aside, Ronnie was deposed on July 5, 2005, and admitted that he had no insurance coverage of his own. Mary’s insurance specifically excluded Ronnie, and there was no mention of any other insurance policy. If it was not clear earlier, Madison was put on notice at this point that she would need to pursue a claim under the uninsured-motorist provision of her Geico insurance policy. The claim was filed more than three years after Ronnie’s admission under oath that there was no insurance available.
 

 ¶ 13. Madison’s counsel sent notice to Geico on two occasions notifying it that Madison was aware of the possibility of an uninsured-motorist claim. A letter dated September 3, 2002, to Geico states: “Please accept this correspondence as notification of a potential UM. claim....” And a letter dated January 7, 2004, states: “Please accept this letter as a formal notice of my representation and notice of uninsured[-]motorist claim.” We find Madison’s argument that an uncertainty existed as to whether adequate insurance would be available is without merit.
 

 ¶ 14. We find that Madison’s claim against Geico is barred by the statute of limitations. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MYERS, P.J., AND MAXWELL, J., NOT PARTICIPATING. '