CARLTON, J.,
for the Court:
¶ 1. This appeal stems from the Stone County Circuit Court’s dismissal of Fales-ca Montgomery’s claim against Safeco Insurance Company of Illinois (Safeco). Fa-lesca filed a claim against Safeco under her uninsured/underinsured-motorists coverage after she suffered injuries in an automobile accident. The circuit court granted Safeco’s motion to dismiss the claim based on the expiration of the applicable statute of limitations. Finding no error, we affirm *227 the circuit court’s dismissal of Falesca’s claim.
FACTS
¶ 2. On December 5, 2005, Falesca Montgomery and her husband, Paul, suffered personal injuries and damages as a result of an automobile accident that occurred on Highway 49 in McHenry, Mississippi. The accident occurred after Jeremy Helveston attempted to cross the south-bound lanes of the highway and his vehicle subsequently collided with the Montgomery’s vehicle. Paul, the driver of the Montgomery’s vehicle, suffered minor injuries,[1] but Falesca, though restrained by her seatbelt, suffered more severe injuries as a result of the collision. Falesca received a copy of the accident report approximately ten days after the accident, and the report showed no proof of insurance for the driver, Jeremy.[2] On January 4, 2006, Falesca’s attorney placed Falesca’s insurance carrier, Safeco, on notice of a potential uninsured motorists claim.
¶ 3. Falesca, while still receiving care for her injuries, filed a complaint against Jeremy on November 14, 2008, in the Stone County Circuit Court. Falesca then filed an amended complaint on March 5, 2009, naming Safeco as a defendant and seeking relief based on the premise that Jeremy failed to possess insurance at the time of the accident. Safeco filed its answer on July 8, 2009. Safeco subsequently filed a motion to dismiss the complaint based on the expiration of the statute of limitations, asserting that the action accrued on December 5, 2005, the date of the accident, and thus the time for filing the cause of action expired on December 5,2008. Miss. Code Ann. § 15-1-49 (Rev. 2003). The circuit court denied the motion as premature, stating that the date of when Falesca knew or should have known that Jeremy failed to possess insurance remained unclear. The circuit court determined “the proof presently before [it] is insufficient to make a determination of the day when [Falesca] ‘knew or should have known’ that [Jeremy] was uninsured” in order to trigger the running of the statute of limitations. The Mississippi Supreme Court denied an interlocutory appeal on the issue.
¶ 4. Safeco filed its second motion to dismiss on November 15, 2010. The circuit court granted Safeco’s motion, stating that within a week to ten days after receiving the accident report and by sending the January 4, 2006 letter of a potential uninsured motorist claim, Falesca knew or should have known that she had a claim for uninsured-motorist benefits, thus triggering the running of the statute of limitations.
¶ 5. Falesca now appeals, claiming that the court erred in granting Safeco’s motion to dismiss due to the unlikeliness that Falesca knew or should have known that Jeremy failed to possess insurance for the purpose of triggering the run of the three-year statute of limitations which governs these actions.
STANDARD OF REVIEW
¶ 6. “The lower court’s grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review.” Walton v. Walton, 52 So.3d 468, 471 (¶ 12) (Miss.Ct.App.2011) (quoting Anderson v. R *228 & D Foods, Inc., 913 So.2d 394, 397 (¶ 7) (Miss.Ct.App.2005)).
DISCUSSION
¶ 7. Falesca argues that the circuit court erred in finding that the accident report, which Falesca received six to ten days after the accident at issue, and the letter sent to Safeco by Falesca’s attorney regarding notice of a potential uninsured-motorists claim, both were sufficient to trigger the start of the statute of limitations under section 15-1-49 on January 4, 2006. As a result of this finding, the circuit court’s determined that Falesca’s amended complaint against Safeco was untimely.
¶ 8. A cause of action against an insurer for uninsured-motorist benefits is subject to a three-year statute of limitations. Miss.Code Ann. § 15-1-49. The issue before this Court is when the statute of limitations began to run pursuant to section 15-1-49. In Jackson v. State Farm Mut. Auto. Ins. Co., 880 So.2d 336, 343 (¶ 21) (Miss.2004), the Mississippi Supreme Court held that the statute of limitations for an uninsured-motorist claim begins to run when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfea-sor. See also Madison v. Geico Gen. Ins. Co., 49 So.3d 1166, 1168-69 (¶¶9-14) (Miss.Ct.App.2010).
¶ 9. Within a week to ten days after the accident, Falesca’s counsel sent notice to Safeco of a potential uninsured-motorist claim, notifying Safeco that Falesca was aware of the possibility of an uninsured-motorist claim. A letter dated January 4, 2006, states: “I believe it is likely that there will be no liability insurance coverage, and would like to take this opportunity to give you notice of the potential for an uninsured motorist claim.” The circuit court ruled that this letter and the accident report, which Falesca received approximately ten days after the accident, sufficiently showed that Falesca possessed reasonable knowledge that the damage suffered exceeded the limits of insurance available to Jeremy. The circuit court found that this knowledge triggered the statute of limitations, and that the statute of limitations began to run on January 4, 2006. Based on this finding, the circuit court held that Falesca’s March 6, 2009 complaint was untimely.
¶ 10. Falesca asserts that the accident report only showed that Jeremy possessed “no proof of insurance”; the report did not state that Jeremy had “no insurance.” Falesca also states that the accident report provided no information regarding Burnell Fairley, whom Falesca claims is the owner of the vehicle. However, the record reflects that the accident report lists Jeremy as both the owner and driver of the vehicle involved in the accident. Falesca submits that the receipt of the accident report only begins the investigation period to determine what claims, if any, exist, and it does not start the running of the three-year statute of limitations.
¶ 11. However, in an unpublished case, Bolden v. Brooks, 138 Fed.Appx. 601, 604 (5th Cir.2005), the United States Court of Appeals for the Fifth Circuit affirmed the district court’s determination barring the Boldens’ complaint for uninsured motorists benefits under the statute of limitations after finding that the Boldens “knew or reasonably should have known that the damages exceeded the insurance limits available from the alleged tortfeasor” upon receipt of the accident report which reflected that the Brookses possessed no insurance. Accordingly, we find that receipt of the accident report herein, reflecting that Jeremy possessed no proof of insurance, provided Falesca with reasonable knowledge that the damages suffered *229 exceed the limits of insurance available for purposes of running the statute of limitations under section 15-1-49.
¶ 12. In Jackson, 880 So.2d at 337-38 (¶¶ 3, 6), Rebecca Jackson filed suit against John Bordelon for injuries she received after a car accident caused by Bor-delon. During discovery, Jackson learned that Bordelon’s maximum coverage was $25,000. Id. at 339 (¶ 8). Nearly five years after the accident, Jackson notified State Farm of the accident and the lawsuit, and reported her underinsured-mo-torist claim. Id. at 339 (¶ 11). State Farm then investigated the claim and denied coverage, contending that the claim was time-barred under the three-year statute of limitations and that Jackson failed to meet policy and statutory requirements concerning timely notice of claims and actions against the owner or operator of an underinsured vehicle. Id. The Mississippi Supreme Court held that Jackson’s claim was indeed time-barred, finding “[i]t is clear from the record” that Jackson was aware of her injuries and also Bordelon’s liability insurance limits, within the three-year statute of limitations provided by section 15-1-49. Id. at 343 (¶ 21).
¶ 13. Falesca further argues that according to Mississippi Code Annotated 83-9-5(e) and insurance policy terms, notice of the claim must first be given by the insurance company, and no suit may be brought sooner than sixty days after written proof of loss has been given, nor later than three years after the proof of loss. Miss.Code Ann. § 83-9-5(k). Falesca contends that based on the statute, the statute of limitations in the present case could not begin to run on January 4, 2006 or before. Instead, Fales-ca submits that the August 2007 settlement negotiations between Paul and Safe-co should have started the running of the statute of limitations, explaining that from the time of the negotiations, it can be reasonably determined all parties possessed awareness that recovery from Jeremy was unlikely. However, we acknowledge that “Mississippi’s accrual law does not look to the offer of settlement as notice of inadequate insurance; instead, it asks when the [plaintiff] knew or reasonably should have known that [the defendant] was uninsured.” Bolden, 138 Fed.Appx. at 604; see Jackson, 880 So.2d at 343 (¶ 21). Thus, Falesca’s argument that the statute of limitations began running no earlier than August 2007 fails.
¶ 14. In addition, we note that because Falesca failed to raise in the circuit court her argument regarding lack of notice of the claim by Safeco pursuant to section 83-9-5; she cannot raise this new argument for the first time on appeal. West v. West, 891 So.2d 203, 214 (¶ 33) (Miss.2004) (quoting Crowe v. Smith, 603 So.2d 301, 305 (Miss.1992)). Furthermore, section 83-9-5 concerns health and accident insurance, and this provision relied upon by Falesca is not part of the Uninsured Motorists Act. Therefore, this statute does not apply to the present case.
¶ 15. Falesca next cites to this Court’s decision in Madison, 49 So.3d at 1166 (Miss.Ct.App.2010), arguing that no default judgment has been taken against Jeremy, which she claims would clearly begin the running of the statute of limitations. In Stamps v. State Farm Mut. Auto. Ins. Co., 2011 WL 1743107 at *4-5 (S.D.Miss. May 5, 2011), the United States District Court for the Southern District of Mississippi discussed this Court’s analysis in Madison, stating:
The [C]ourt of [A]ppeals applied Jackson, findin[g] that the statute of limitations begins to run “when it can be reasonably known that the damages suffered exceed the limits of insurance *230 available to the alleged tortfeasor.” [Madison, 49 So.3d] at 1168 [ (If 33) ].
[[Image here]]
The [C]ourt in Madison held that at the latest, the statute of limitations began to run on the date the default judgment was entered against the tortfeasor driver involved in the accident. The Court does not read the case as requiring such a holding in any case wherein a default judgment is entered; it was simply using the latest date where the claimant could be found to have reasonable notice of his claim.
[[Image here]]
If Plaintiffs interpretation of the law was correct, that no cause of action accrues in a UM case until there is a denial of the claim after a judgment against a tortfeasor was entered, this would leave in the hands of the claimant “an unlimited period of time to wait, intentionally or inadvertently, before making a claim. Only thereafter would the statute of limitations commence.” Jackson, 852 So.2d at 647. This interpretation of Mississippi law would not be practical — allowing one party to the contract control over the statute of limitations.
Accordingly, Falesca’s argument that an entry of default judgment against Jeremy begins the running of the statute of limitations fails.
¶ 16. Our review of case law herein establishes that the statute of limitations under section 15-1^49 begins to run “when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfeasor.” Madison, 49 So.3d at 1168 (¶ 9). In applying this standard to the present case, the circuit court determined Falesca’s March 5, 2009 amended claim against Safeco was time-barred after finding that Falesca knew or should have known that she had a claim for uninsured-motorist benefits against Safeco “at the latest on January 4, 2006.” After reviewing the record, we affirm the circuit court’s dismissal of Fales-ca’s claim for uninsured-motorists benefits as barred by the applicable statute of limitations.
¶ 17. THE JUDGMENT OF THE STONE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Paul settled his uninsured motorist claim with Safeco in 2008 and is not a party to this appeal.

. The accident report reflects that Jeremy was the owner and driver of the vehicle, and Bur-nell Fairley was a passenger in the vehicle. Falesca's brief, however, lists Burnell as the owner of the vehicle.