# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01391-COA

UNITED SERVICES AUTOMOBILE                                          APPELLANT
ASSOCIATION A/K/A USAA

v.

TAYLOR MOFFATT                                                        APPELLEE

DATE OF JUDGMENT:            11/20/2020
TRIAL JUDGE:                 HON. KATHY KING JACKSON
COURT FROM WHICH APPEALED:   JACKSON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:     EDWARD C. TAYLOR
                             NATHAN RYNE HAND
ATTORNEY FOR APPELLEE:       COURTNEY PARKER WILSON
NATURE OF THE CASE:          CIVIL - INSURANCE
DISPOSITION:                 AFFIRMED AND REMANDED - 02/08/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

## CARLTON, P.J., FOR THE COURT:

¶1.    Taylor Moffatt was injured in a two-car accident in early February 2012. Moffatt had uninsured/underinsured motorist (UM) insurance coverage through a policy issued by United Services Automobile Association (USAA). Nellie Barber was driving the other car. After settlement negotiations with Barber's insurer were unsuccessful, Moffatt sued Barber for negligence, filing her complaint in the County Court of Jackson County, Mississippi, in January 2015. Moffatt filed an amended complaint adding USAA as a defendant and a UM claim against it in late October 2016, four years and eight months after the accident.

¶2.    The county court granted summary judgment in USAA's favor, finding that Moffatt's

UM claim was barred by the applicable three-year statute of limitations. Moffatt appealed to the Jackson County Circuit Court. The circuit court reversed the summary judgment, finding a genuine issue of material fact existed concerning "when Moffatt knew or should have known her damages exceeded Barber's available insurance coverage." For the reasons addressed below, we affirm the circuit court's order and remand this case to the Jackson County County Court for further proceedings.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶3.     This cause arises from a February 4, 2012 car accident between Moffatt and Barber that happened at an intersection in Jackson County, Mississippi, when Moffatt was turning left and her front bumper struck the left front of Barber's car as Barber was entering the intersection. The accident report prepared by the officer responding to the accident provides that "both drivers claim to have [had] the right of way." At the time of the accident, Moffatt had UM coverage through a policy issued by USAA.

¶4.     After speaking to the police at the accident scene, Moffatt went by private vehicle to the emergency room at Ocean Springs Hospital. Her dominant (left) hand had hit the windshield during the accident, and she was diagnosed with fractures to the third and fourth metacarpals. Five days later, Moffatt had the first of two surgeries that she attributes to this accident; in the first outpatient surgery, various screws and plates were implanted into Moffatt's left hand. On July 1, 2013, a second outpatient surgery was performed to remove two screws that had moved out of position. Moffatt explained in her November 2017

2

deposition that since her injury, she has experienced "a dull ache" in her left hand and some swelling, and she has trouble writing: her hand locks up from the strain. She said the pain caused her difficulty in school and prevented her from furthering her education in the surgical technologist program she was in at that time. Moffatt understands further treatment will likely be necessary before she can enter nursing school.

¶5.     Barber, the other driver, was insured through a policy issued by GEICO. Moffatt's lawyer put GEICO on notice of representation on December 10, 2013. In a letter dated February 20, 2014, Moffatt's lawyer forwarded Moffatt's medical records and bills to GEICO and informed the representative that he was "making a settlement demand of policy limits." There was no request for the amount of "policy limits" or available coverage under Barber's policy.

¶6.     GEICO responded with a settlement offer of $16,000 on March 18, 2014, explaining that after investigation, its "liability decision has placed responsibility on both drivers involved." Moffatt's lawyer declined the settlement offer on Moffatt's behalf in a letter dated April 2, 2014. He reiterated in that letter, "We are demanding policy limits." This letter also contained no request for the amount of "policy limits" or available coverage under Barber's policy.

¶7.     In a letter to Moffatt's lawyer dated June 11, 2014, GEICO increased its settlement offer to $25,000 "[i]n an effort to settle this claim." On December 22, 2014, GEICO sent another letter to Moffatt's lawyer, asking him to "[p]lease advise if you have discussed our

3

bodily injury settlement offer of $25,000, with your client, Taylor Moffatt. We initially made this offer to your firm in June of 2014."

¶8. The record contains no correspondence from Moffatt's lawyer in response to this letter, but on January 16, 2015, Moffatt filed a complaint against Barber in the County Court of Jackson County, seeking "actual and compensatory damages against [Barber] in an amount not to exceed the jurisdictional limits of this Court as a result of Defendant's negligence, negligence per se[,] and gross negligence."[1] Barber answered on February 12, 2015.

¶9. On April 13, 2015, Moffatt served Barber with combined discovery requests. Barber served responses to the combined discovery requests on September 10, 2015. These responses included a copy of the policy-declaration page for Barber's policy in effect on the date of the accident (February 4, 2012). The policy-declaration page showed that Barber had $50,000 in coverage for the car accident.

¶10. On October 19, 2016, Moffatt filed a motion to amend her complaint to add USAA as a defendant and add a claim against USAA for UM coverage. The next day, the county court entered an agreed order allowing Moffatt to amend her complaint, and Moffatt filed her amended complaint on October 26, 2016.

¶11. USAA subsequently filed a motion for summary judgment against Moffatt, asserting that her UM claim against it was barred by the applicable three-year statute of limitations

---

[1] Pursuant to Mississippi Code Annotated section 9-9-21(1) (Rev. 2019), the county court jurisdictional limit is $200,000.

4

because Moffatt was aware, or should have been aware, that the severity of her damages exceeded Barber's policy limits "far more than three years prior to the date she filed her [a]mended [c]omplaint." Moffatt opposed USAA's motion, and USAA filed a reply supporting its motion in March 2018.

¶12. After a hearing, the county court granted summary judgment in USAA's favor and dismissed USAA, with prejudice, from Moffatt's lawsuit. The county court found that "Moffatt's UM claim accrued on July 15, 2013, the date she last received medical treatment associated with the accident." Continuing, the county court found that "[i]t is apparent to the Court that Moffatt should have reasonably known she had an uninsured motorist claim by July 15, 2013 . . . . As a result, Moffatt's claims against USAA are barred by the applicable [three-year] statute of limitations because she did not file suit against USAA by July 15, 2016."

¶13. Moffatt appealed to Jackson County Circuit Court, asserting in relevant part that genuine issues of material fact existed regarding when Moffatt knew or should have known of her UM claim against USAA three years before she filed her amended complaint against it on October 26, 2016. According to Moffatt, the county court therefore erred in granting summary judgment in USAA's favor based upon statute-of-limitations grounds.

¶14. On November 20, 2020, the circuit court entered its order reversing the county court's summary judgment in USAA's favor, finding that there was "a genuine issue of material fact as to when Moffatt knew or should have known her damages exceeded Barber's available

5

insurance coverage." USAA appealed.

## STANDARD OF REVIEW

¶15.    This Court employs a de novo standard of review of a trial court's grant or denial of summary judgment. *Leslie v. City of Biloxi*, 758 So. 2d 430, 431-32 (¶5) (Miss. 2000). Mississippi Rule of Civil Procedure 56(c) provides that "[t]he judgment sought shall be rendered . . . if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In this regard, we "must view the evidence in the light most favorable to the nonmovant, and the moving party bears the burden of showing the absence of a genuine issue of material fact." *Pollan v. Wartak*, 240 So. 3d 1185, 1190 (¶12) (Miss. 2017).

## DISCUSSION

¶16.    "A cause of action against an insurer for uninsured- [or underinsured]-motorist benefits is subject to a three-year statute of limitations." *Montgomery v. Safeco Ins. Co. of Ill.*, 99 So. 3d 225, 228 (¶8) (Miss. Ct. App. 2012) (citing Miss. Code Ann. § 15-1-49 (Rev. 2012)). In the instant case, the issue before the Court is when the statute of limitations began to run with respect to Moffatt's UM claim against USAA. On this issue, "the Mississippi Supreme Court [has] held that the statute of limitations for an uninsured-motorist claim begins to run when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfeasor." *Madison v. Geico Gen. Ins. Co.*, 49 So. 3d

6

1166, 1168 (¶9) (Miss. Ct. App. 2010) (citing *Jackson v. State Farm Mut. Auto. Ins. Co.*, 880 So. 2d 336, 343 (¶21) (Miss. 2004)); *see also Montgomery*, 99 So. 3d at 228 (¶8).

¶17.    In determining whether an insured has acted reasonably regarding "coverage under his insurance contract," *Harris v. Am. Motorist Ins. Co.*, 240 Miss. 262, 270, 126 So. 2d 870, 873 (1961), the supreme court has recognized "that the insured has the 'duty to exercise reasonable care, due diligence as a reasonable and prudent man, to acquire information about the accident, so that he may be readily informed about claims out of which damage may arise.'" *Jackson*, 880 So. 2d at 342 (¶19) (quoting *Harris*, 240 Miss. at 270, 126 So. 2d at 873). Further, "[i]t is not enough for the insured to act upon his own cursory knowledge of the facts; he must make an effort to know the facts. The insured may not without any investigation whatsoever rely upon his own opinion . . . ." *Harris*, 240 Miss. at 270-71, 126 So. 2d at 873-74. In light of the "reasonable man" standard embodied in the applicable test, we also recognize that "'occasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion.'" *Stringer v. Trapp*, 30 So. 3d 339, 342 (¶12) (Miss. 2010) (quoting *Smith v. Sanders*, 485 So. 2d 1051, 1053 (Miss. 1986)).

¶18.    Moffatt amended her complaint, adding USAA as a party and asserting a UM claim against it, on October 26, 2016. Thus, to avoid summary judgment on her UM claim as time-barred, Moffatt must show that a genuine issue of material fact exists whether she reasonably

could have known that the damages she suffered as a result of the February 4, 2012 accident exceeded the limits of Barber's insurance on or before October 26, 2013—three years before she filed her amended complaint asserting her UM claim against USAA. *Jackson*, 880 So. 2d at 343 (¶21). Based upon our de novo review of the record, we find that a genuine issue of material fact exists on this issue. We therefore affirm the circuit court's order reversing the county court's order granting summary judgment in USAA's favor.

¶19. USAA asserts that the circuit court erred when it reversed the county court's granting of summary judgment in its favor based on the expiration of the applicable three-year statute of limitations (section 15-1-49). According to USAA, "the undisputed facts overwhelmingly indicate Moffatt certainly knew she had severe damages and reasonably should have known her damages may exceed Barber's liability policy limits on July 1, 2013, at the very latest, which is the date of the second surgery she attributes to the accident."

¶20. According to Moffatt, however, the circuit court's order reversing summary judgment in USAA's favor should be affirmed because there exists a genuine issue of material fact whether she could have reasonably known that her damages exceeded Barber's policy limits more than three years before she filed her amended complaint on October 26, 2016. She asserts that she did not learn of Barber's policy limits until September 10, 2015, when Barber produced the declaration page of her insurance policy in her discovery responses. Moffatt asserts that her UM claim accrued at this time and that therefore filing her amended complaint on October 26, 2016, was well within the three-year limitations period under

8

section 15-1-49. Because she and USAA dispute when she could have reasonably determined that her damages exceeded the available coverage under Barber's policy, Moffatt asserts that a genuine issue of material fact exists on this issue, thus precluding summary judgment in USAA's favor.

¶21. We agree with Moffatt. A comparison to the supreme court's discussion of the accrual issue in *Jackson* illustrates why we find that genuine issues of material fact exist on this issue here.

¶22. In *Jackson*, plaintiff Rebecca Jackson was injured in a car accident, and the Jacksons notified their own insurer (State Farm) of their underinsured-motorist claim five years after the accident and two years after filing their complaint against another driver, John Bordelon. *Jackson*, 880 So. 2d at 338-39 (¶¶3, 6-12). Affirming the circuit court's dismissal of Jackson's UM claim against State Farm as time-barred, the supreme court observed that "[t]he circuit court found that in February 1998, when they filed suit against Bordelon, the Jacksons were under the impression that Bordelon's insurance coverage was limited to 20/50/20 and they knew they carried their own underinsurance coverage." *Id.* at 343 (¶21). Thus, according to the supreme court, it was "*clear from the record* that the Jacksons added State Farm to the suit more than three years after they knew the extent of Rebecca's injuries and knew the amount of Bordelon's insurance coverage. Accordingly, their claims against State Farm are barred by the three-year statute of limitations . . . ." *Id.* (emphasis added).

¶23. Similar objective circumstances exist in other Mississippi cases in which the courts

9

have concluded that summary judgment was proper on limitations grounds. In *Montgomery*, 99 So. 3d at 227 (¶2), for example, Falesca Montgomery and another driver (Helveston) were involved in a car accident on December 5, 2005. About ten days after the accident, Montgomery received a copy of the accident report that showed no proof of insurance for Helveston. *Id.* Montgomery placed her own insurer (Safeco) on notice of a potential UM claim on January 4, 2006. *Id.* Montgomery subsequently filed a complaint against Helveston, and on March 5, 2009, Montgomery amended her complaint to add Safeco and a UM claim against it "based on the premise that [Helveston] failed to possess insurance at the time of the accident." *Id.* at (¶3).

¶24. The circuit court granted Safeco's motion to dismiss Montgomery's complaint based on the expiration of the three-year statute of limitations. *Id.* at (¶4). This Court affirmed summary judgment in Safeco's favor, finding "that receipt of the accident report . . . reflecting that Jeremy possessed no proof of insurance . . . provided [Montgomery] with reasonable knowledge that the damages suffered exceed the limits of insurance available for purposes of running the statute of limitations under section 15-1-49." *Id.* at 228-29 (¶11); *accord Bolden v. Brooks*, 138 F.App'x. 601, 604 (5th Cir. 2005) (unpublished) (affirming a district court's determination that the plaintiffs' UM complaint against an insurer was time-barred when the plaintiffs "knew or reasonably should have known that the damages exceeded the insurance limits available from the alleged tortfeasor" when they received the accident report indicating that the other driver was uninsured and their UM claim against the

10

insurer was brought more than three years after that date); *Stamps v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-CV-110-LRA, 2011 WL 1743107, at *4 (S.D. Miss. May 5, 2011) (following *Jackson*, 880 So. 2d at 343 (¶21), and granting summary judgment in an insurer's favor because the plaintiff's UM claim was time-barred where it was "clear that [the plaintiff] knew that [the other driver] had no insurance on the day of the accident (or at least by the date the accident report was provided) and he knew he was injured on that date").

¶25.    Other "clear" circumstances, *id*., demonstrating when a UM claim accrues in the policy-limits context include the date the tortfeasor admits in his deposition that he had no insurance coverage at the time of the accident, *see Madison*, 49 So. 3d at 1168-69 (¶¶11-12);[2] or when the UM claimant tells his UM insurer that "the other driver had no insurance," the accident report indicated the tortfeasor had "no proof of insurance," and the UM claimant's lawyer informed the UM insurer that his client "had been 'seriously injured in an automobile collision with an uninsured driver.'" *Ochello v. Liberty Mut. Fire Ins. Co.*, 784 F. Supp. 2d 681, 682, 685 (S.D. Miss. 2011).

¶26.    We find no comparable evidence in this case that Moffatt reasonably could have known the damages she suffered as a result of the February 4, 2012 accident exceeded the

---

[2] In *Madison*, 49 So. 3d at 1168-69 (¶11), this Court found that the plaintiff's UM claim accrued when a default judgment was entered on Madison's prior lawsuit against the driver. The Court also found, however, that the UM claim accrued, if not earlier, when the driver "was deposed . . . and admitted that he had no insurance coverage of his own." *Id.* at 1169 (¶12). The Court observed, "If it was not clear earlier, [the plaintiff] was put on notice at this point that she would need to pursue a [UM] claim under [her own] . . . insurance policy." *Id.*

limits of Barber's insurance on or before October 26, 2013, such that summary judgment in USAA's favor is warranted here. First, both Moffatt and Barber said in their depositions that they did not speak to one another at the scene of the accident on February 4, 2012, so even if Moffatt knew the extent of her injuries at the scene, there is no evidence Moffatt could have learned of Barber's policy limits at that time.

¶27.    Further, although the last hand surgery Moffatt attributes to the accident took place on July 1, 2013, even if we used this date as the date when Moffatt could have been reasonably aware of the extent of the damages she suffered (as USAA asserts), we find no indication in the record that Moffatt knew Barber's liability insurance policy limits at that time. Nor do we find any indication in the record that Moffatt somehow learned of Barber's policy limits prior to October 26, 2013.

¶28.    Instead, the record reflects that on December 10, 2013, Moffatt's lawyer notified GEICO (Barber's insurer) that he was representing Moffatt, and settlement negotiations began in February 2014. We recognize that the record also shows that at no time did Moffatt's lawyer specifically ask GEICO what the policy limits were under Barber's policy during this time. But these events all took place after October 26, 2013. As such, even if it were reasonable for Moffatt's lawyer to have determined the extent of Barber's policy limits at the outset of his representation or during settlement negotiations, this is irrelevant for accrual purposes because Moffatt's amended complaint was filed within three years from December 10, 2013, the date her lawyer first notified GEICO that he represented Moffatt.

¶29.   In short, USAA asserts Moffatt's UM claim accrued on July 1, 2013 (the date of her second surgery), and Moffatt asserts that her UM claim did not accrue until September 10, 2015, when she learned in discovery that Barber's liability policy limits were $50,000.  We find that along this continuum reasonable minds could differ on whether Moffatt's UM claim accrued on or before October 26, 2013.  Therefore, a question of fact for a jury exists, and summary judgment in USAA's favor is not proper.  *See Stringer*, 30 So. 3d at 342 (¶12).  Because we find that genuine issues of material fact exist whether Moffatt could have reasonably learned that the extent of her injuries exceeded the extent of Barber's liability policy limits before October 26, 2013, we affirm the circuit court's order reversing the county court's summary judgment in USAA's favor and remand this case to the county court for further proceedings.

¶30.   **AFFIRMED AND REMANDED.**

        **BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  GREENLEE, J., NOT PARTICIPATING.**